DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1913.

---

## Marie Baldwin, Plaintiff in Error, v. J. E. Bolan, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Edgar county; the Hon. E. R. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

### Statement of the Case.

Petition filed by J. E. Bolan in the County Court for the appointment of a conservator for Marie Baldwin alleging the defendant to be a lunatic and unfit to properly manage her property. A judgment was entered in the County Court on a verdict finding the defendant to be a distracted person and on appeal from such judgment to the Circuit Court a like judgment was rendered and a conservator appointed. From the judgment of the Circuit Court, defendant brings error.

The grounds urged for reversal are: That court had no jurisdiction because of the insufficiency of the petition and because the transcript on appeal from.

(1)

County Court to the Circuit Court was not marked "filed" by the clerk of the Circuit Court; that the court erred in submitting to the jury the question whether plaintiff in error was a lunatic and a spendthrift instead of whether she was a lunatic or distracted person; and that the court erred in receiving a verdict as merely advisory.

GEORGE B. LEONARD and S. I. HEADLEY, for plaintiff in error.

FRANK E. SHOPP, for defendant in error; DYAS & DYAS, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

1. INSANE PERSON, § 17*—*when petition for appointment of conservator sufficient.* A petition for the appointment of a conservator alleging that the defendant is a lunatic and unfit to properly manage her property, *held* sufficient to give the court jurisdiction.

2. APPEAL AND ERROR, § 917*—*when filing of transcript on appeal from County Court to Circuit Court sufficient.* On appeal from County Court to Circuit Court the mere fact that the transcript was not marked "filed" by the clerk of the Circuit Court does not deprive the Circuit Court of jurisdiction where the transcript was delivered to the clerk and placed in his office under his control.

3. APPEAL AND ERROR, § 1744*—*grounds for affirmance.* Where the records contains no bill of exceptions no questions of fact are preserved for review, and unless the record shows some error of law was committed the judgment should be affirmed.

4. APPEAL AND ERROR, § 1290*—*when jurisdiction of County Court will be presumed.* Where the County Court has general jurisdiction of the matter involved and has obtained jurisdiction of the person, it will be presumed, in the absence of a bill of exceptions, that the evidence sufficiently showed that the court had jurisdiction of the person and subject-matter, unless the record discloses affirmatively that it did not acquire jurisdiction.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.